**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

RODERICK WILCOX and FRANCISCO HERNANDEZ,

Plaintiffs,

-against-

LOCAL 1-2, UTILITY WORKERS UNION OF AMERICA; JAMES SHILLITTO, in his capacity as President, Local 1-2, Utility Workers Union of America; and JOHN CAPRA, in his capacity as Secretary-Treasurer, Local 1-2, Utility Workers Union of America,

Defendants.

--------------------------------------------------------------X

**ORDER**

**24-CV-2877 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On October 28, 2024, the Court held a settlement conference in this matter. Shortly thereafter on October 30, 2024, the Court filed an order requiring the Parties to inform the Court by November 6, 2024, whether a settlement had been reached. Dkt. No. 37. On November 6, 2024, via email, the parties informed the Court that they agreed on the terms of a settlement and that if any disputes arose while completing the process, the parties would inform the Court.

Having not heard from the parties for five months, the Court directed the parties to provide an update on April 10, 2025. On April 20, 2025, the parties confirmed that a settlement in this matter had been reached, although a settlement had not yet been signed. Dkt Nos. 40, 41. More specifically, Plaintiffs confirmed they had signed the settlement agreement but accidentally never sent it to Defendants,

but that their clients "have an accountant in place" and "will arrange an initial review of the records shortly." Dkt. No. 41.

The Court had to follow up with the parties again five months later on September 29, 2025 asking for a status update. Dkt. No. 42. While Defendants provided a status update by the requisite date, Plaintiffs failed to file a response. Dkt. No. 43. As such, the Court directed Plaintiffs to file a response by October 24, 2025. Dkt. No. 44. Plaintiffs blew the deadline and filed a response four days late, and notified the Court that the accountant they found "could not do the work." Dkt. No. 45. Over the course of the next year, the Court directed the parties to provide multiple status updates to no avail. The Court even issued an order to show cause as to why this Court should not recommend dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute on February 27, 2026 due to Plaintiffs' failure to comply with the Court's orders. Time and time again, Plaintiffs missed deadlines and updated the Court that they still had not obtained an accountant to perform the records review. See Dkt. No. 51.

Plaintiffs have had ample time to obtain an accountant, and their failure to do so is unacceptable. To that end, Defendants' request that the Court order Plaintiffs to schedule the records review within fourteen days is **GRANTED**. Plaintiffs have until **October 30, 2026** to perform the records review. Failure to do so will result in this Court recommending dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

SO ORDERED.

DATED: New York, New York
October 15, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge