UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODERICK WILCOX and FRANCISCO HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>LOCAL 1-2, UTILITY WORKERS UNION OF AMERICA; JAMES SHILLITTO, in his capacity as President, Local 1-2, Utility Workers Union of America; and JOHN CAPRA, in his capacity as Secretary Treasurer, Local 1-2, Utility Workers Union of America,<br><br>Defendants. | 24-CV-2877 (RA) (JW)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiffs Roderick Wilcox and Francisco Hernandez brought this action against Defendants Local 1-2, Utility Workers Union of America, James Shillitto, and John Capra under the Labor-Management Reporting and Disclosure Act. For the reasons set forth below and stated in Magistrate Judge Willis' November 6, 2026 Order to Show Cause, Dkt. 62 ("November 6 OTSC"), the Court dismisses the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On October 28, 2024, Judge Willis held a settlement conference in this matter. Shortly thereafter, the parties informed Judge Willis that they agreed on the terms of a settlement and that if any disputes arose while completing the process, the parties would inform the Court. Since then, Plaintiffs have repeatedly missed deadlines set by Magistrate Judge Willis to update the Court on the status of settlement, and have failed to obtain a suitable accountant to perform the records

review contemplated by the settlement. *See* November 6 OTSC at 1–3.

On October 15, 2026, Judge Willis ordered Plaintiffs to schedule the records review by October 30, 2026 and warned that failure to so "will result in this Court recommending dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." Dkt. 60. On November 3, 2026, Defendants notified the Court that Plaintiffs "have not contacted Defendants to review financial records as contemplated by the Parties' Agreement Concerning Stipulated Dismissal" and that the last communication from Plaintiffs was on April 29, 2026. Dkt. 61. On November 6, 2026, Judge Willis issued an Order to Show Cause by November 13 why this case should not be dismissed for failure to prosecute, stating that "[a]ny failure by Plaintiffs to make this showing will result in this Court recommending dismissal of this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." To date, Plaintiffs have not responded to the November 6 Order to Show Cause.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Because a Rule 41(b)

dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Most of the factors cited above weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiffs' non-compliance is significant. Plaintiffs have not communicated with the Court or with Defendants since April 29, 2026—nearly six months ago. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiffs were on notice that their failure to comply would result in dismissal. The Court's November 6 Order to Show Cause explicitly ordered Plaintiffs to show cause "why this action should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." November 6 OTSC; *see Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third,

Plaintiffs have been given the opportunity to be heard: The Court gave Plaintiffs the opportunity to show cause why this action should not be dismissed. Fourth, this case has been pending for over two years, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In light of these considerations, the Court finds that Plaintiffs' non-compliance warrants dismissal, although the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case, since there is no substantial prejudice to Defendants and the Court has not expended resources presiding over discovery or trial. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

**CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: November 19, 2026
New York, New York

Ronnie Abrams
United States District Judge